

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAVLO TURCHYN,<br><br>                              Petitioner,<br><br>          vs.<br><br>JEREMY CASEY, WARDEN OF IMPERIAL DETENTION FACILITY (IRDF), U.S. DEPARTMENT OF HOMELAND SECURITY (DHS),<br><br>                              Respondents. | Case No.:  3:25-cv-02120-JES-BLM<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**[ECF No. 1]** |

On August 15, 2025, Petitioner Pavlo Turchyn filed a petition for a writ of habeas corpus against Respondents Jeremy Casey, Warden of Imperial Regional Detention Facility and the U.S. Department of Homeland Security ("DHS") (collectively "Respondents"). ECF No. 1 ("Pet."). On August 21, 2025, the Court ordered Respondents to file a response to Petitioner's habeas petition, which they did on September 19, 2025. ECF No. 7 ("Resp."). On September 24, 2025, Respondents filed a Notice of Filing of Exhibit RE: Return in Opposition to Petition for Writ of Habeas Corpus. ECF No. 8. On October 14, 2025, Petitioner filed Supplemental Documents in support of his Petition. ECF No. 9. The Court finds this case suitable for determination on the papers submitted and without oral argument in accordance with Civil Local Rule 7.1(d)(1). For the reasons

below, the Court **DENIES** the petition.

## I.    BACKGROUND

Petitioner, proceeding pro se, is a Ukrainian national that lawfully entered the United States pursuant to humanitarian parole on July 31, 2024. Pet. at 1. Petitioner says he was working as a truck driver and on February 10, 2025, due to a navigation app mistake, he accidentally drove across the U.S.-Mexico border. *Id.* When he turned back and attempted to re-enter the United States, he was detained by Custom and Border Protection ("CBP") officers at the border processing facility. *Id.* His work authorization, driver's license and truck were confiscated. *Id.* Respondents allege that Petitioner's parole status automatically terminated upon his departure from the United States and that when he sought to re-enter, immigration officials determined he was inadmissible under 8 U.S.C. § 1182(a)(7)(A)(i)(1). Resp. at 2. Subsequently, Petitioner was issued a Notice and Order of Expedited Removal. *Id.* The Notice and Order of Expedited Removal was not executable until Petitioner's credible fear claims are fully reviewed and finalized. *Id.*

On February 11, 2025, Petitioner was received into Immigration and Customs Enforcement ("ICE") custody at Imperial Regional Detention Facility ("IRDF"). Pet. at 1. On February 13, 2025, immigration officials denied Petitioner's request to be released from custody on parole. Resp. at 2. On March 6, 2025, Petitioner made a request to conduct a credible fear interview. Pet. at 1. ICE responded that Petitioner was in expedited removal proceedings, so he could not be paroled, and he was not able to undergo a credible fear interview. *Id.* On March 21, 2025, Petitioner was transferred to San Luis Regional Detention Facility in Arizona. *Id.* On June 3, 2025, Petitioner had a credible fear interview regarding fear of going back to Ukraine and the asylum officer determined that Petitioner did have a demonstrable fear of torture. Resp. at 2. On June 18, 2025, Petitioner was transferred back to IRDF. Pet. at 2. On September 10, 2025, Petitioner was referred to a DHS asylum officer for a withholding of removal and credible fear interview. Resp. at 2. On September 15, 2025, the DHS asylum officer issued a negative determination. *Id.* On September 19, 2025, an immigration judge affirmed the asylum officer's rejection of

Petitioner's asylum claim and returned the matter to DHS for removal of Petitioner. ECF No. 8 at 1-2.

Petitioner seeks the following forms of relief from the Court: (1) restoring his humanitarian parole, (2) granting him temporary protected status, (3) releasing him on bond, (4) prohibiting his transfer to another place of detention, and (5) immediate release from custody.

## II.    LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and … the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, challenges to immigration-related detention are within the purview of a district court's habeas jurisdiction. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

## III. DISCUSSION

### A. Termination of Parole

8 C.F.R. § 212.5(e)(1)(i) states that "[p]arole shall be automatically terminated without written notice upon the departure from the United States of the alien[.]" Even if unintended, Petitioner's departure from the United States on February 10, 2025, automatically terminated his parole status. *See U.S. v. Ortiz-Diaz*, 849 F. Supp. 734, 737 (E.D. Cal. 1994) ("The government may terminate parole automatically without written notice to the alien if the alien departs from the U.S."). As such, when he presented himself to immigration officials to re-enter the United States, Petitioner was an applicant for

admission without valid documentation pursuant to 8 U.S.C. § 1225(b)(1) and subject to expedited removal.

### B. Length of Detention

After an immigration court enters a final order of removal, the case is no longer pending and the government "shall remove the alien from the United States within a period of 90 days." 8 U.S.C. § 1231(a)(1)(A)-(a)(2)(A). The government may hold the alien in custody during the initial 90-day removal period by statue. *Id.* In *Zadvydas*, the Supreme Court held that when the government is unable to remove an alien within 90 days, the alien may seek review of the reasonableness of their continued detention under the due process clause through petition for writ of habeas corpus. 533 U.S. at 687. The Supreme Court instructed lower courts to analyze whether continued detention beyond the 90-day period "exceeds a period reasonably necessary to secure removal," based on "the [removal detention] statute's basic purpose, namely assuring the alien's presence at the moment of removal." *Id.* at 699. The Court has held that it is presumptively reasonable for the government to detain an alien for a period of six months while it works to effectuate his removal after issuing a final order of removal against him. *Id.* at 701. Beyond that period, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute" and grant the petition for writ of habeas corpus. *Id.* at 699-700.

Here, Petitioner argues that his detention over six months is unlawful. Petitioner's final order of removal was entered on September 19, 2025. ECF No. 8-1 at 1-2. While Petitioner's detention has been continuous since he re-entered the country, his detention fell under 8 U.S.C. § 1225(b)(1)(A)(ii) and is thus not subject to analysis under *Zadvydas*. *See* 533 U.S. at 701. While Respondents could have granted Petitioner parole during his immigration proceedings, it is not within this Court's jurisdiction to require them to do so. *See* 8 U.S.C. § 1182(d)(5)(A). Petitioner does not argue any procedural defect in his immigration proceedings.

Petitioner's current detention subject to a final order of removal falls under 8 U.S.C

§ 1231(a)(2)(A) because there is now no pending case and a final order of removal against him. The IJ issued a final order of removal against Petitioner on September 19, 2025, starting the 90-day removal period, which will still be in effect when this order is filed. *See* 8 U.S.C. § 1231(a)(1)(A)-(B). The Court does not reach today the likelihood of Petitioner's removal or the effect of Petitioner's prior detention before re-opening his case on analysis of his detention under *Zadvydas*, because, assuming no defects in the removal order, *Zadvydas* due process analysis does not begin until the close of the statutory 90-day removal period. *See* 533 U.S. at 682. Thus, Respondents have not violated Peitioner's due process rights by detaining him following the IJ's issuance of the final order of removal against him.

### C. Detention with Criminals

Petitioner alleges he is in "custody with people who have committed different crimes" and that it is "prohibited to hold non-criminals in conditions for criminals." Pet. at 2. He cites *Ly v. Hansen*, 351 F.3d 263 (6th Cir. 2003) for this principle, but the case does not relate to his assertion. In *Ly*, the Sixth Circuit held that removable criminal aliens may be detained without bond "for a reasonable period of time required to initiate and conclude removal proceedings promptly" and that "[w]hen actual removal is not reasonably foreseeable, deportable aliens may not be indefinitely detained without a … 'strong special justification[.]'" *Id.* at 273. Petitioner provides no support for his argument.

To be sure, "noncitizens subject to civil immigration detention … cannot be subjected to conditions that amount to punishment." *Doe v. Becerra*, 732 F. Supp. 3d 1071, 1079 (N.D. Cal. 2024) (internal quotation marks omitted) (citing *Jones v. Blanas*, 393 F.3d 918, 932 (9th Cir. 2004)). But Petitioner does not allege that the conditions at IRDF are such that he is being punished like a criminal detainee—only that he is detained with individuals who have committed crimes. The Court finds that this is not a basis for which to grant Petitioner a writ of habeas corpus.

### D. Transfer of Petitioner

Petitioner seeks to prohibit his transfer to another place of detention because it would

allegedly interfere with access to counsel, constitute forum shopping, and could worsen his current condition. Pet. at 3. Petitioner cites *Devitri v. Cronen*, 289 F. Supp. 3d 287 (D. Mass. 2018) but misstates its holding, and the Court finds it is not relevant to his argument. Courts typically enjoin the Government from transferring detainees out of the district during the pendency of the habeas proceedings. *See, e.g., Oliveras v. Kaiser*, No. 25-cv-07117-BLF, 2025 WL 2430495, at *4 (N.D. Cal. Aug. 22, 2025) ("Respondents are [enjoined] from transferring Petitioner out of this district or deporting her pending these habeas proceedings."). This order, however, concludes Petitioner's habeas proceeding. Moreover, Petitioner has been in custody at IRDF since June 18, 2025, and does not allege any actions by Respondents indicating that they intend to transfer him. Accordingly, the Court declines to enjoin a potential transfer of Petitioner at this time.

## III.    CONCLUSION

As Petitioner fails to demonstrate that Respondents are holding him in custody unlawfully, the Court **DENIES** his petition for writ of habeas corpus without prejudice. Should Petitioner's post-final removal order detention continue beyond six months without a reasonable likelihood of removal, he may choose to re-file his petition.

**IT IS SO ORDERED.**

Dated:  November 10, 2025

_____
Honorable James E. Simmons Jr.
United States District Judge